Jane DOE, et al.

v.

Judy GOODWIN, et al.

Court of Appeals of Tennessee,
at Nashville.

Assigned on Brief May 29, 2007.

Oct. 29, 2007.

Application for Permission to Appeal
Denied by Supreme Court
April 7, 2008.

Jeffrey B. Cox, Murfreesboro, Tennessee, for the appellants, Jane Doe and John Doe.

R. Dale Bay and Daniel B. Olivas, Nashville, Tennessee, for the appellees Judy Goodwin and Rutherford County Board of Education.

**OPINION**

DAVID R. FARMER, J., delivered the opinion of the court, in which W. FRANK CRAWFORD, P.J., W.S., and HOLLY M. KIRBY, J., joined.

Plaintiffs' suit was dismissed on the basis that it was not filed within twelve months after the cause of action accrued as required by the Governmental Tort Liability Act. Plaintiffs appeal and we affirm.

Jane Doe and John Doe (Plaintiffs) sued Judy Goodwin and the Rutherford County Board of Education (Board) in the Circuit

Court of Rutherford County on February 16, 2006. The complaint alleges that Jane Doe is the custodial parent of John Doe and that Defendant Judy Goodwin, at all relevant times to the cause of action, was the principal at Barfield Elementary School in Rutherford County. Stephen Craig Fults began teaching at Barfield Elementary in August of 1999. Plaintiff John Doe first met Fults when Doe was a 6th grade student at Barfield.[1] When he matriculated to high school, Fults contacted Doe to work for him when Doe was 14 years of age. It is further alleged that over a period of approximately two years, Fults raped plaintiff John Doe on numerous occasions, many of which occurred on school property or after school sponsored events. It is alleged that Defendant Goodwin, an employee of the Board of Education, was negligent in failing to recognize Fults' propensities and to properly supervise him. It is alleged in the complaint and admitted in the answer that Defendant Board is a governmental entity and that Ms. Goodwin is an employee of the Board. It is not disputed that the Tennessee Governmental Tort Liability Act (GTLA) is applicable. *See* Tenn.Code Ann. §§ 29–20–201, *et seq.*

On February 23, 2004, Plaintiffs filed suit in the United States District Court for the Middle District of Tennessee at Nashville against Stephen Craig Fults, Judy Goodwin, Rutherford County Board of Education and Dekalb County Board of Education. The allegations in that complaint are similar to those in the present complaint with the addition of the allegations against Fults and Dekalb County Board of Education, Fults' previous employer. It is alleged in that complaint that as a result of the publicity surrounding Fults' criminal trial for the aggravated rape of John Doe,

it was necessary for Doe to attend another school in the Rutherford County School System. An order was entered in the District Court granting summary judgment in favor of Dekalb County Board of Education on April 6, 2005. The motion for summary judgment was granted with respect to the federal claims asserted against Rutherford County Board of Education and Judy Goodwin, and those claims were dismissed with prejudice. The motion was denied with respect to the pendent state law claims against these defendants, and those claims were dismissed without prejudice. The order further provided that all claims against Fults in his individual capacity were to be adjudicated pursuant to a pending motion for default judgment. This order was entered on January 20, 2006. As noted, the present complaint was filed on February 16, 2006. It is undisputed that an illicit sexual relationship occurred between John Doe and Fults, who was ultimately convicted and incarcerated.

Defendants Goodwin and Board filed a motion for summary judgment on the basis that the suit was not timely filed. The trial court granted the motion, finding that the 12 month statute of limitations period set forth in T.C.A. § 29–20–305 of the GTLA provides that the action must be commenced within twelve months after the cause of action arises. Plaintiffs appeal and present the following issues for review as stated in their brief:

1. Whether T.C.A. § 49–6–4203 provides for a "savings [statute]" in cases involving abuse of school children covered under Tennessee's Governmental Tort Liability Act (GTLA).

2. In the alternative, whether public policy requires a review of this

---

1. Defendant denied this allegation and asserted that John Doe first met Fults when Doe

was an eighth grade student at Barfield Elementary School.

Court's holding in *Lynn v. City of Jackson*, 63 S.W.3d 332 (Tenn.2001) for cases involving sexual abuse of minors by governmental employees.

■ The argument proffered in support of the first issue is based on the legislative intent set forth in T.C.A. § 49–6–4203(a) of the School Security Act of 1981(SSA) wherein it is stated that "[i]t is the intent of the general assembly in enacting this part to secure a safe environment in which the education of the students of Tennessee may occur." It is argued that a cause of action of the type set forth in the present case should not be barred by the one-year limitation set forth in the GTLA and to do so is contrary to public policy. Appellees counter by referring to T.C.A. § 49–6–4211(c) which states that "[t]he provisions of this section shall not be construed to indicate any waiver by the state of sovereign immunity or to make the state any insurer of the aforementioned public officials." We reject the Appellants' argument that the SSA has the effect of a savings statute which would toll the one-year limitation period contained within the GTLA as the legislative intent has been succinctly stated in the aforementioned statute. We believe that such an exception to the GTLA is within the province of the general assembly to create, should it choose to do so.

■ Appellants next contend that public policy requires a review of the supreme court's holding in *Lynn v. City of Jackson*, 63 S.W.3d 332 (Tenn.2001), for cases involving sexual abuse of minors by governmental employees.

In *Lynn v. City of Jackson*, 63 S.W.3d 332 (Tenn.2001), an inmate committed suicide while incarcerated in the Jackson City jail on October 25, 1997. On October 23, 1998, the plaintiff, as personal representative of the estate of the deceased and next friend and parent of the deceased's two minor children, filed an action in federal district court against the City of Jackson (City).

On May 3, 1999, the federal district court dismissed the Plaintiff's GTLA claim without prejudice, finding that the GTLA grants exclusive jurisdiction to state circuit courts. Two days later, on May 5, 1999, Lynn, as personal representative and next friend, along with John Darryl Bates, who by then had attained majority, filed a complaint in the Circuit Court of Madison County alleging a wrongful death claim pursuant to the GTLA. It was alleged that the City had negligently failed to regularly check the decedent's cell to determine whether he was contemplating suicide. The City moved to dismiss asserting that the action was time barred by the twelve month statute of limitations in the GTLA as set forth in T.C.A. § 29–20–305(b). The plaintiffs opposed the motion to dismiss, contending that the action was timely because it was filed within one year of John Darryl Bates attaining majority. They further contended that the action was timely because it was filed within one year after the claim was dismissed by the federal court. In an opinion authored by then Chief Justice Drowota, the supreme court held that the one-year statute of limitations set forth in the GTLA was not tolled during the minority of the decedent's children nor during the pendency of the action in federal court. The judgments of the trial court and the court of appeals dismissing the plaintiffs' complaint as time barred was affirmed.

The court said:

We agree with the City and the Court of Appeals that neither the federal statute nor Tenn.Code Ann. § 28–1–115 tolls the GTLA statute of limitations. The doctrine of sovereign immunity has been embraced in Tennessee for over a century and precludes lawsuits against gov-

ernmental entities unless the governmental entity has consented to be sued. *See, e.g. Doyle [v. Frost]*, 49 S.W.3d [853,] at 857 [(Tenn.2001)]. In fact, the doctrine of sovereign immunity is recognized by the Tennessee Constitution which provides that "Suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. Art. I, § 17. The GTLA reaffirms the doctrine and merely removes immunity in certain limited and enumerated circumstances. *See* Tenn.Code Ann. § 29–20–201(a); *see also Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997). Consistent with this narrowly defined removal of immunity, "any claim for damages must be brought in strict compliance with terms of [the GTLA]." Tenn.Code Ann. § 29–20–201(c). One of the terms of the GTLA which demands strict compliance is the statute of limitations.

Indeed, recognizing this principle, several prior Tennessee cases have emphasized that general savings statutes do not apply to extend the time for bringing claims under the GTLA. *See Automobile Sales Co. v. Johnson*, 174 Tenn. 38, 122 S.W.2d 453 (1938) (discussing a predecessor savings statute identical to Tenn.Code Ann. § 28–1–105); *Nance v. City of Knoxville*, 883 S.W.2d 629 (Tenn. Ct.App.1994), *perm. app. denied* (Tenn. Sept. 6, 1994) (discussing Tenn.Code Ann. § 28–1–115); *Rael v. Montgomery County*, 769 S.W.2d 211 (Tenn.Ct.App. 1988) *perm. app. denied* (Tenn. April 3, 1989) (discussing Tenn.Code Ann. § 28–1–105); *Williams v. Memphis Light, Gas and Water Div.*, 773 S.W.2d 522 (Tenn.Ct.App.1988) *perm. app. denied* (Tenn. April 3, 1989) (discussing Tenn. Code Ann. § 28–1–105); *see also Doyle*, 49 S.W.3d at 859 (discussing prior cases declining to apply general savings stat-utes to GTLA claims). The rationale of these decisions was explained by this Court in *Automobile Sales Co.* as follows:

> As has been seen, it is laid down (1) that general statutes do not apply to, or affect, the State, unless they expressly so provide; and, (2) that, even more conclusive here, when a statute which creates a right of action expressly limits the time in which suit to enforce the right may be brought, time is of the essence of the right and the limitation of the remedy is a limitation of the right.

*Id.* at 49–50, 122 S.W.2d at 458. Accordingly, Tennessee law views the twelve-month limitation period for bringing an action under the GTLA as a condition precedent which must be met. If suit is not filed within the statutory period, both the right and the remedy is extinguished. Clearly, then, the general rule in Tennessee is that savings statutes may not be applied to extend the period within which an action must be filed under the GTLA.

*Id.* at 337.

The cause of action in the present case obviously accrued no later than the date of filing of the federal court complaint on February 23, 2004. As previously noted, the present suit was filed February 16, 2006, clearly more than twelve months after the cause of action arose.

This Court is without authority to overturn an opinion of our supreme court and therefore affirm the judgment of the lower court. Costs of this appeal are taxed to the Appellants and their surety, for which execution may issue.