# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### May 24, 2012 Session

## DERRICK JOHNSON, ET AL. V. JERRY R. FLOYD, M.D., ET AL.

### Appeal from the Circuit Court for Shelby County
### No. CT-003875-11    James F. Russell, Judge

---

### No. W2012-00207-COA-R3-CV - Filed June 29, 2012

---

This case concerns the application of the medical malpractice notice requirement to a lawsuit that was previously nonsuited and then re-filed pursuant to the saving statute. The children of a woman who died due to alleged medical negligence filed suit against the defendant medical providers. The children subsequently nonsuited the lawsuit. Within one-year of the nonsuit, the children sent notice of a potential claim to the medical providers. Within one year and 120 days from the nonsuit, the children re-filed their claim. The medical providers moved to dismiss on the ground that the claim was not filed within the one-year period provided by the saving statute and, as such, was barred by the applicable statute of limitations. The trial court dismissed the action and the children appealed. Concluding that the saving statute, Tennessee Code Annotated Section 28-1-105(a) is not an "applicable statute[] of limitations or repose," we hold that the saving statute is not extended by compliance with the medical malpractice notice requirement, Tennessee Code Annotated Section 29-26-121(c). Affirmed and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Circuit Court Affirmed and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the Court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

Al H. Thomas and Aaron L. Thomas, Memphis, Tennessee, for the appellants, Derrick Johnson, Marcus Johnson, Ozell Johnson, Odell Johnson, Terrence Johnson, children of Deborah Johnson, deceased.

J. Kimbrough Johnson and Elizabeth T. Collins, for the appellees, Jerry R. Floyd, M.D., and Mid-South Wellness Center, Inc.

Katherine M. Anderson, Memphis, Tennessee, for the appellee, Tewfik Rizk, M.D.

# OPINION

## I. Background

On December 7, 2004, Plaintiffs/Appellants, Derrick Johnson, Marcus Johnson, Odell Johnson, Ozell Johnson, and Terrence Johnson (collectively, "Appellants") filed a complaint on behalf of their Mother, Deborah Johnson, alleging that she died as a result of the medical negligence of Defendants/Appellees Jerry R. Floyd, M.D., Tewfik Rizk, M.D., and Mid-South Wellness Center, Inc. ("Mid-South Wellness," and together with Dr. Floyd and Dr. Rizk, "Appellees"). The complaint alleged that the Appellees negligently treated the Appellants' mother for her rheumatoid arthritis, resulting in her death.

On April 27, 2010, the Appellants entered an order of voluntary dismissal. On April 11, 2011, attempting to re-file their lawsuit, the Appellants provided the Appellees written notice of their potential claim[1] as required by Tennessee Code Annotated Section 29-26-121.[2] On August 24, 2011 (which is within one year and 120 days from the order of voluntary dismissal concluding the first case), the Appellants re-filed their complaint.

---

[1] On appeal, both parties agree that Appellants were required to provide notice to the Appellees of their potential claim on re-filing their complaint after a nonsuit. *See Meyers v. AMISUB (SFH), Inc.*, No. W2010-00837-COA-R9CV, 2011 WL 664753 (Tenn. Ct. App. Feb. 24, 2011) (perm. app. granted Aug. 23, 2011) (oral arg. heard April 4, 2012) (holding that a party must comply with the notice requirements of the Medical Malpractice Act when a medical malpractice action is re-filed pursuant to the saving statute).

[2] Tennessee Code Annotated Section 29-26-121 provides, in pertinent part:

> (a)(1) Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.
>
> (2) The notice shall include:
>
> (A) The full name and date of birth of the patient whose treatment is at issue;
> (B) The name and address of the claimant authorizing the notice and the relationship to the patient, if the notice is not sent by the patient;
> (C) The name and address of the attorney sending the notice, if applicable;
> (D) A list of the name and address of all providers being sent a notice; and
> (E) A HIPAA compliant medical authorization permitting the provider receiving the notice to obtain complete medical records from each other provider being sent a notice.

The second complaint specifically alleges that Ms. Johnson suffered from rheumatoid arthritis, for which she sought medical treatment from Dr. Floyd. During these visits, Dr. Floyd prescribed various medications including Methotraxate beginning in September 2000. However, Dr. Floyd ceased prescribing Methotraxate to Ms. Johnson on March 26, 2002. In 2002, Dr. Floyd referred Ms. Johnson to Dr. Rizk for specialist treatment of her rheumatoid arthritis. Dr. Rizk again prescribed Methotraxate to Ms. Johnson, first at 2.5 milligrams per week; however, Dr. Rizk gradually increased the dosage until June 2003, when Ms. Johnson was taking 15 milligrams per week. Throughout this time, Ms. Johnson suffered serious pulmonary difficulties. In February 2004, Ms. Johnson was diagnosed with interstitial lung disease. Her physicians determined that Methotraxate toxicity was the cause of the disease. Ms. Johnson died as a result of the lung disease on May 4, 2004. The complaint avers that Ms. Johnson's death was legally and proximately caused by Methotraxate toxicity, as a result of the negligence of the Appellees.

Appellees filed separate motions to dismiss, both arguing that the Appellants' claim was barred by the one-year statute of limitations concerning medical malpractice actions because the complaint was not filed within the one-year time period allowed by the saving statute. Accordingly, the Appellees argued that the new complaint could not relate back to the original complaint, and as such was filed after the expiration of the one-year medical malpractice statute of limitations. Appellants argued that the saving statute was extended by written notice of a potential claims as required under Tennessee Code Annotated Section 29-26-121.

The trial court held a hearing on the motions to dismiss on October 28, 2011. At the hearing, the trial court orally ruled that the extension granted by complying with the notice requirement of Tennessee Code Annotated Section 29-26-121(c) did not extend the one-year saving statute. An order memorializing the oral ruling and dismissing the case was entered on December 20, 2011 (the order was marked as entered on November 4, 2011, but was subsequently corrected in the trial court). The Appellants timely appealed.

## II. Standard of Review

In considering an appeal from a trial court's grant of a motion to dismiss, we take all allegations of fact in the complaint as true, and review the lower courts' legal conclusions *de novo* with no presumption of correctness. Tenn R. App. P. 13(d); ***Mid-South Industries, Inc. v. Martin Mach. & Tool, Inc.***, 342 S.W.3d 19, (Tenn. Ct. App. 2010) (citing ***Owens v. Truckstops of America***, 915 S.W.2d 420, 424 (Tenn. 1996)).

## III. Analysis

Appellees raise a number of issues on appeal; however, we conclude that the dispositive question on appeal concerns whether the Saving Statute, Tennessee Code Annotated Section 28-1-105, is extended by 120 days when the plaintiff sends written notice of a potential claim in compliance with Tennessee Code Annotated Section 29-26-121.

The Tennessee Saving Statute provides, in pertinent part:

> If the action is commenced within the time limited by a rule or statute of limitation, but the judgment or decree is rendered against the plaintiff upon any ground not concluding the plaintiff's right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff, or the plaintiff's representatives and privies, as the case may be, may, from time to time, commence a new action within one (1) year after the reversal or arrest.

Tenn. Code Ann. § 28-1-105(a). Accordingly, a complaint properly filed within the applicable statute of limitations may be voluntarily dismissed and re-filed within one year. The new action will relate back to the previous filing for purposes of the statute of limitations. *See generally* **Cronin v. Howe**, 906 S.W.2d 910, 912–13 (Tenn. 1995) (discussing the application of the saving statute).

The statute of limitations in a medical malpractice case is one year from the date of the discovery of the injury. Tenn. Code Ann. § 29-26-116. However, in 2008, the Tennessee Legislature passed the Medical Malpractice Act, requiring that the plaintiff in a medical malpractice action send written notice to the defendants of a potential claim, at least sixty (60) days prior to filing their complaint. *See* 2008 Pub. Acts, c.919, § 1. Tennessee Code Annotated Section 29-26-121 (a)(1) provides, in pertinent part:

> Any person, or that person's authorized agent, asserting a potential claim for medical malpractice shall give written notice of the potential claim to each health care provider that will be a named defendant at least sixty (60) days before the filing of a complaint based upon medical malpractice in any court of this state.

The legislature at that time also enacted a measure that extended the applicable statute of limitations by ninety (90) days when the plaintiff complied with the notice requirement. *See* 2008 Pub. Acts, c.919, § 1. This period was later extended to 120 days. *See* 2009 Pub. Acts, c. 425, § 1, eff. July 1, 2009. The current version of the statute provides:

When notice is given to a provider as provided in this section, the applicable statutes of limitations and repose shall be extended for a period of one hundred twenty (120) days from the date of expiration of the statute of limitations and statute of repose applicable to that provider. Personal service is effective on the date of that service. Service by mail is effective on the first day that service by mail is made in compliance with subdivision (a)(2)(B). In no event shall this section operate to shorten or otherwise extend the statutes of limitations or repose applicable to any action asserting a claim for medical malpractice, nor shall more than one (1) extension be applicable to any provider. Once a complaint is filed alleging a claim for medical malpractice, the notice provisions of this section shall not apply to any person or entity that is made a party to the action thereafter by amendment to the pleadings as a result of a defendant's alleging comparative fault.

Tenn. Code Ann. §29-26-121(c). Accordingly, when a plaintiff sends the proper written notice within one year of the discovery of the injury, the applicable statute of limitations or repose is extended for a period of 120 days. The determinative issue in this case, then, is whether the saving statute is an "applicable statute[] of limitations or repose."

In determining the proper interpretation to be given to a statute, we must employ the rules of statutory construction. The Tennessee Supreme Court recently reiterated the "familiar rules," stating:

Our role is to determine legislative intent and to effectuate legislative purpose. [***Lee Med., Inc. v. Beecher***, 312 S.W.3d 515, 526 (Tenn. 2010)]; ***In re Estate of Tanner***, 295 S.W.3d 610, 613 (Tenn. 2009). The text of the statute is of primary importance, and the words must be given their natural and ordinary meaning in the context in which they appear and in light of the statute's general purpose. *See **Lee Med., Inc.***, 312 S.W.3d at 526; ***Hayes v. Gibson Cnty.***, 288 S.W.3d 334, 337 (Tenn. 2009); ***Waldschmidt v. Reassure Am. Life Ins. Co.***, 271 S.W.3d 173, 176 (Tenn. 2008). When the language of the statute is clear and unambiguous, courts look no farther to ascertain its meaning. *See **Lee Med., Inc.***, 312 S.W.3d at 527; ***Green v. Green***, 293 S.W.3d 493, 507 (Tenn. 2009). When

necessary to resolve a statutory ambiguity or conflict, courts may consider matters beyond the statutory text, including public policy, historical facts relevant to the enactment of the statute, the background and purpose of the statute, and the entire statutory scheme. *Lee Med., Inc.*, 312 S.W.3d at 527–28. However, these non-codified external sources "cannot provide a basis for departing from clear codified statutory provisions." *Id.* at 528.

*Mills v. Fulmarque*, 360 S.W.3d 362, 368 (Tenn. 2012).

Accordingly, we first consider the language of the statute. The phrase "statute[] of limitations" is not defined by the Medical Malpractice Act.[3] In addition, we can find no Tennessee case expressly defining the phrase for purposes of the Medical Malpractice Act notice requirement. Both parties point to the dictionary definition of the phrase "statute[] of limitations." Where appropriate, courts may utilize dictionary definitions in interpreting statutes. *State v. Majors*, 318 S.W.3d 850, 859 (Tenn. 2010) (quoting *State v. Williams*, 690 S.W.2d 517, 529 (Tenn. 1985)). Black's Law Dictionary defines a statute of limitations as "[a] statute prescribing limitations to the right of action on certain described causes of action or criminal prosecutions; that is, declaring that no suit shall be maintained on such causes of action, nor any criminal charges be made, unless brought within a specified period of time after the right accrued" Black's Law Dictionary 835 (5th ed. 1979). Consequently, the Appellees argue that only limitations on claims related to the accrual of the action when the injury occurred or was discovered may properly be referred to as statutes of limitations. *See* Black's Law Dictionary 19 (5th ed. 1979) (stating that a cause of action "'accrues' when a suit may be maintained thereon" or "on the date that damage is sustained."). Additionally, American Jurisprudence provides this definition:

> The term "statute of limitations" is the collective term commonly applied to acts or part of acts that prescribe the periods beyond which a plaintiff may not bring a cause of action. A statute of limitations establishes the time period, after a cause of action arises, within which a claim or suit must be filed, to enforce that cause of action. A statute of limitations is a declaration that no suit may be maintained on a cause of action unless the suit is brought within a specified period of

---

[3] The Appellants do not argue that the saving statute may be considered a statute of repose. Accordingly, we will consider only whether the saving statute qualifies as a statute of limitations for purposes of the notice requirement of the Medical Malpractice Act.

time after the right has accrued, or in other words, a law that bars claims after a specified period.

51 Am. Jur. 2d *Limitation of Actions* § 2 (footnotes omitted). However, from our research, other definitions of the phrase do not require that the limitations period be connected to the accrual of the action. For example, Bryan Garner's A Dictionary of Modern Legal Usage defines a statute of limitations simply as "a statute establishing a time limit for suing or for prosecuting a crime." Bryan A. Garner, A Dictionary of Modern Legal Usage 831 (2d ed. 1995). The result is that the dictionary definition of the phrase, alone, cannot decide this issue.

Appellees next cite to cases from other jurisdictions in which courts have concluded that a saving statute is not a statute of limitations. Cases specifically concerning medical malpractice notice requirements involve fairly new legislation; as such, few courts have considered this issue. The Appellees cite only one jurisdiction in which this particular issue has been considered and the courts have ruled in favor of the Appellees' position. In **Waltz v. Wyse**, 677 N.W.2d 813 (Mich 2004), the Michigan Supreme Court held that the wrongful death saving statute was not extended by compliance with the medical malpractice notice requirement. **Id.** at 818. Pursuant to Michigan law, "the statute of limitations or repose" is extended "if the plaintiff provides a valid notice of intent before the limitation period expires." **Id.** at 815 (citing Mich. Comp. Laws § 600.5856). Similar to the Appellants in this case, in **Waltz**, the plaintiff argued that her complaint was timely filed under Michigan's wrongful death saving statute because the saving statute was extended by complying with the medical malpractice notice requirement. The defendants argued, however, that the wrongful death saving statute was not a "statute of limitations or repose" that could be extended by complying with the medical malpractice notice requirement. **Id.**

The Michigan Supreme Court agreed:

> Section 5856(d), by its express terms, tolls only the applicable "statute of limitations or repose." As we recently stated in **Miller**, [] 644 N.W.2d 730 [(Mich 2003)], the wrongful death provision, § 5852, "is a saving statute, not a statute of limitations." (Emphasis supplied.) *See also* **Lindsey v. Harper Hosp.**, [564 N.W.2d 861 (Mich. 1997),] in which we explained that § 5852, as "the statute of limitations saving provision " and an "exception to the statute of limitations," operated "to suspend the running of the statute until a personal representative is appointed to represent the interests of the estate."

The plain language of [Mich. Comp. Laws] § [600.]5852 wholly supports our conclusion that it is not itself a "statute of limitations." Again, § 5852 provides:

> If a person dies before the period of limitations has run or within 30 days after the period of limitations has run, an action which survives by law may be commenced by the personal representative of the deceased person at any time within 2 years after letters of authority are issued although the period of limitations has run. But an action shall not be brought under this provision unless the personal representative commences it within 3 years after the period of limitations has run. [Emphasis supplied.]

> By its own terms, § 5852 is operational only within the context of the separate "period of limitations" that would otherwise bar an action. Section 5852 clearly provides that it is an exception to the limitation period, allowing the commencement of a wrongful death action as many as three years after the applicable statute of limitations has expired.

*Waltz*, 677 N.W.2d at 817–18. Accordingly, the Michigan Supreme Court held that compliance with the medical malpractice notice requirement did not extend the saving statute because a saving statute is not an "applicable statute of limitations or repose." Turning to our own statutory scheme, just as in Michigan, our notice requirement expressly extends only "the applicable statute of limitations or repose," rather than the saving statute. Tenn. Code Ann. § 29-26-121(c). Additionally, our Saving Statute likewise requires the operation of a separate statute of limitations, requiring that the original complaint be "commenced within the time limited by a rule or statute of limitation." Tenn. Code Ann. § 28-1-105(a); *see also* *Pugh v. St. Paul Fire & Marine Ins. Co.*, 877 S.W.2d 577 (Ark. 1994), *superseded by statute* Acts of 1995, Act 1296, § 63 (1995) (holding that the now-repealed notice requirement did not extend the time period under the saving statute because the saving statute was not expressly mentioned in the notice requirement statute); *Boggs v. Baum*, No. 10AP–864, 2011 WL 2112482 (Ohio Ct. App. May 24, 2011) (perm. app. denied Oct. 19, 2011) (holding that a saving statute is not a statute of limitations). Appellants cite no jurisdictions, nor has our research revealed any jurisdictions, in which courts have concluded that a saving statute is an applicable statute of limitations for purposes of a medical

malpractice notice requirement.[4]

According to the Appellants, however, it would be illogical to apply certain provisions of the Medical Malpractice Act requiring a plaintiff to send notice of potential claim upon refiling a complaint after nonsuit, without applying the corresponding extension of the statute of limitations. Appellants argue that the case law in Tennessee provides support for their argument that the saving statute is extended by compliance with the notice requirement. For support, Appellants cite *Meyers v. AMISUB (SFH), Inc.*, No. W2010-00837-COA-R9CV, 2011 WL 664753 (Tenn. Ct. App. Feb. 24, 2011) (perm. app. granted Aug. 23, 2011) (oral arg. heard April 4, 2012) for the proposition that all provisions of the Medical Malpractice Act must apply to a case re-filed after a nonsuit, because the case is a "new action." The Appellants cite language from *Meyers*, indicating that "When [plaintiff] re-filed his action in September 2009, he 'commence[d] a new action' that was governed by the statutory provisions, which became effective as amended on July 1, 2009." We disagree. The *Meyers* court considered only the issue of whether a plaintiff is required to provide notice to the defendants of a potential claim when an action is recommenced after a nonsuit. In *Meyers*, the plaintiff had not sent proper notice of his potential claim; thus, the Court in *Myers*, unlike in this case, was not called upon to consider whether complying with the medical malpractice notice requirement extended the saving statute.

Appellants also cite two cases in which they claim that Tennessee courts have referred to the saving statute as a statute of limitations. First, in *Evans v. Perkey*, 647 S.W.2d 646, 641(Tenn. Ct. App. 1982), this Court referred to the saving statute as a "statute of limitations" in holding that the time period for recommencing an action under the saving statute runs from the date of the entry of the order nonsuiting the case, rather than from the filing of the notice of nonsuit. *Id.* at 641. This conclusory statement, however, does not amount to a holding that the saving statute is a statute of limitations for purposes of the Medical Malpractice Act, a law which would not be enacted for nearly thirty years after this decision. Appellants also cite *Moran v. Weinberger*, 260 S.W. 966, 969 (Tenn. 1924), *abrogated on other grounds by Ware v. Meharry Medical College*, 898 S.W.2d 181 (Tenn. 1995), as support that the saving statute is a statute of limitations. However, from our reading of *Moran*, the Tennessee Supreme Court stated that the saving statute "suspend[s]" or "stay[s]" the statute of limitations, rather than that the saving statute is a statute of limitations in itself. *Id.* at 969.

---

[4] Though not cited by the Appellants in this case, we recognize the recent decision on this issue in Tennessee, *Rajvongs v. Wright*, No. M2011-01889-COA-R9-CV, 2012 Tenn. App. LEXIS 393 (Tenn. Ct. App. June 18, 2012), holding that the saving statute is extended by the medical malpractice notice requirement. A detailed discussion of the *Wright* opinion is set forth *infra*.

Indeed our Supreme Court recently noted language similar to that in ***Moran*** regarding the ninety-day window in which to file an amended complaint against a tortfeasor named by a defendant to conclude that the ninety-day window was not "an applicable statute of limitations." *See **Mills v. Fulmarque***, 360 S.W.3d 262 (Tenn. 2012). In ***Mills v. Fulmarque***, 360 S.W.3d 262 (Tenn. 2012), the plaintiff timely filed a federal lawsuit against a packaging company after he fell from a chair while doing business at the packaging company. The packaging company filed an answer alleging the comparative fault of the company that sold the chair. The plaintiff filed an amended complaint, naming the seller as a party, within ninety days of the packaging company's answer. The seller filed an answer to the amended complaint, alleging that the plaintiff's injuries were caused by Fulmarque, Inc. ("Fulmarque"), the manufacturer of the chair. Within ninety days of the seller's answer, the plaintiff filed a second amended complaint, naming Fulmarque as a party. The addition of Fulmarque destroyed diversity jurisdiction, and the case was dismissed.

Pursuant to the saving statute, the plaintiff timely re-filed the complaint in state court. Fulmarque moved for summary judgment on the ground that the plaintiff's claim against it was barred by the statute of limitations. Eventually, the trial court granted the motion for summary judgment, holding that the plaintiff's claim was barred by the statute of limitations, relying on Tennessee Code Annotated Section 20-1-119, which states, in pertinent part:

> (a) In civil actions where comparative fault is or becomes an issue, if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations, or named in an amended complaint filed within the applicable statute of limitations, alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery, and if the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging that person's fault, either:
>
> (1) Amend the complaint to add the person as a defendant pursuant to Tenn. R. Civ. P. 15 and cause process to be issued for that person; or
> (2) Institute a separate action against that person by filing a summons and complaint. If the plaintiff elects to proceed under this section by filing a separate action, the complaint so filed

shall not be considered an original complaint initiating the suit or an amended complaint for purposes of this subsection (a).

(b) A cause of action brought within ninety (90) days pursuant to subsection (a) shall not be barred by any statute of limitations.

The trial court found that the seller was not "a defendant named in an original complaint initiating a suit within the applicable statute of limitations or named in an amended complaint filed within the applicable statute of limitations." *Mills*, 360 S.W.3d at 365 (citing Tenn. Code Ann. § 20-1-119). Accordingly, the trial court concluded that the ninety-day window provided by Tennessee Code Annotated Section 20-1-119 was not triggered by the seller's answer alleging comparative fault. Without the ninety-day window on which to rely, the plaintiff's claim against Fulmarque was asserted after the expiration of the statute of limitations. *Mills*, 360 S.W.3d at 365.

The plaintiff appealed and the Court of Appeals reversed, holding that the ninety-day window provided by Tennessee Code Annotated Section 20-1-119 was an "applicable statute of limitations." Accordingly, the Court of Appeals concluded that by naming the seller within the ninety-day window provided by Tennessee Code Annotated Section 20-1-119, the seller was "a defendant named in an original complaint initiating a suit within the applicable statute of limitations or named in an amended complaint filed within the applicable statute of limitations." *Id.* at 365–66.

The Tennessee Supreme Court reversed the Court of Appeals and affirmed the trial court's grant of summary judgment, holding that the plaintiff's claim against Fulmarque was barred by the applicable statute of limitations. The Supreme Court relied on the plain language of the statute to support this holding:

> In our view, the phrase "applicable statute of limitations" refers exclusively to the statute of limitations for a plaintiff's cause of action. Thus, the ninety-day period provided in section 20-1-119 is available to a plaintiff only when a defendant sued within the statute of limitations applicable to the plaintiff's underlying cause of action "alleges in an answer or amended answer to the original or amended complaint that a person not a party to the suit caused or contributed to the injury or damage for which the plaintiff seeks recovery. . . ." Tenn. Code Ann. § 20-1-119(a).

Indeed, construing the phrase to include the ninety-day

period would be clearly inconsistent with its usage in the second clause of subsection (a)—"if a defendant named in an original complaint initiating a suit filed within the applicable statute of limitations . . . ." Tenn. Code Ann. § 20-1-119(a). Since the ninety-day period never becomes relevant until a responsive pleading alleging fault against a nonparty is filed, the "applicable statute of limitations" relevant to "an original complaint initiating a suit" will never include the ninety-day period. In the absence of statutory language indicating that the definition of the phrase differs from one sentence, or subsection, to the next, we decline to assign inconsistent definitions to the same phrase.

We further note that, by its own terms, subsection (a) plainly distinguishes the ninety-day period from the phrase "applicable statute of limitations." *See* Tenn. Code Ann. § 20-1-119(a) ("[I]f the plaintiff's cause or causes of action against that person would be barred by any applicable statute of limitations but for the operation of this section, the plaintiff may, within ninety (90) days of the filing of the first answer or first amended answer alleging the person's fault . . . .").

*Mills*, 360 S.W.3d at 368–69 (footnotes omitted). Thus, the Supreme Court concluded that the plain language of Tennessee Code Annotated Section 20-1-119 created a distinction between the ninety-day window and the applicable statute of limitation.

Instead of characterizing the ninety-day window as a statute of limitations, the Supreme Court characterized the ninety-day window as more akin to a saving statute:

[C]ourts have consistently characterized "applicable statute of limitations" to mean the statute of limitations applicable to a plaintiff's claim. In contrast, courts have characterized the ninety-day period, not as a statute of limitations, but as a "window," as a "saving[ ] statute," as a "tolling [ ] statute," as an "extension," as a "suspension," and as a "grace period."

*Mills*, 360 S.W.3d at 369–70 (footnotes omitted). Based on this logic, if the ninety-day window is not an "applicable statute of limitations" because it is more aptly described as a saving statute, then a saving statute is likewise not be considered an "applicable statute of

limitations." Indeed, much like the ninety-day window, the saving statute has been consistently referred to not as a separate statute of limitations, but merely as an extension or suspension of the applicable statute of limitations. *See Lanius v. Nashville Elec. Service*, 181 S.W.3d 661, 664 (Tenn. 2005) (referring to the saving statute as "extend[ing] the limitations period of a lawsuit"); *Moran v. Weinberger*, 260 S.W. 966, 969 (Tenn. 1924), *abrogated on other grounds by Ware v. Meharry Medical College*, 898 S.W.2d 181 (Tenn. 1995); *Doe v. Goodwin*, 254 S.W.3d 428, 430 (Tenn. Ct. App. 2007) (stating that "a saving statute [] would toll the one-year limitation period"); *Woods v. Jones*, 204 S.W.3d 788, 793 (Tenn. Ct. App. 2006) (noting that "a saving statute [] effectively extends the [] statute of limitations"); *Counts v. Bryan*, 182 S.W.3d 288, 290 (Tenn. Ct. App. 2005) (stating that "the statute of limitations was tolled by the Tennessee Saving Statute"); *Boone v. Morris*, No. M2002-03065-COA-R3-CV2004 WL 2254012, at *12 (Tenn. Ct. App. Oct. 6, 2004) (referring to the saving statute as an "extension of the statute of limitations"); *Brown v. State*, No. M2002-01361-COA-R3-CV, 2003 WL 2010734, at *2 (Tenn. Ct. App. May 2, 2003) ("referring to the saving statute as "toll[ing] the statute of limitations"); *Faulks v. Crowder*, 99 S.W.3d 116, 127 (Tenn. Ct. App. 2002) (referring to the saving statute as a "one-year tolling period" of the applicable statute of limitations); *Mixon v. Wyrick*, No. 1107, 1987 WL 17974, at *2 (Tenn. Ct. App. Oct. 8, 1987) (referring to the saving statute as a "grace period").

In addition, the *Mills* court specifically states that "the phrase 'applicable statute of limitations' refers exclusively to the statute of limitations for a plaintiff's cause of action." *Mills*, 360 S.W.3d at 369. Black's Law Dictionary defines a "cause of action" as "[a] situation or state of facts which would entitle party to sustain action and give him right to seek judicial remedy on his behalf" or "[f]acts which give rise to one or more relations of right-duty between two or more persons." Black's Law Dictionary 201 (5ᵗʰ ed. 1979). The Appellant's cause of action is for medical malpractice. *See Sherrill v. Souder*, 325 S.W.3d 584, 595–6 (Tenn. 2010) (stating that in case alleging negligence of physician, the plaintiff's cause of action was for medical malpractice, and applying the medical malpractice statute of limitations). Accordingly, the only "statute of limitations" applicable to the Appellants cause of action that may be extended by compliance with the notice requirement is Tennessee Code Annotated Section 29-26-116(a), which provides a plaintiff with one year from the date of injury or discovery of injury to file a complaint for medical malpractice.

Indeed, other law in Tennessee supports this conclusion. In *Sharp v. Richardson*, 937 S.W.2d 846 (Tenn. 1996), the Tennessee Supreme Court considered the issue of whether the six-year product liability statute of repose precluded application of the saving statute. *Id.* at 849. The Supreme Court concluded that it did not, noting that the product liability statute of repose was enacted subsequent to the "long history of the saving statute." *Id.* at 850. The defendants argued that the later enactment of the product liability statute of repose acted as

an exception to the saving statute, limiting its application. The defendants argued that "the Legislature is presumed to have knowledge of its prior enactments and to know the state of the law at the time it passes legislation." *Id.* (citing *Wilson v. Johnson County*, 879 S.W.2d 807, 809 (Tenn. 1994)). The Supreme Court noted, however, that "repeals or alterations of existing statutes by implication is disfavored." *Sharp*, 937 S.W.2d at 850 (citing *Jenkins v. Loudon County*, 736 S.W.2d 603 (Tenn. 1987)). Accordingly, the Supreme Court ruled that the subsequent enactment of the product liability statute of repose did not alter the express provisions of the saving statute. Here the opposite is true: Appellants argue that the subsequent enactment of the Medical Malpractice Act alters the operation of the saving statute by extending the time period in which a complaint for medical malpractice may be filed. Although not cited by Appellants in their brief, we recognize that the saving statute is to be "liberally construed." *Cronin v. Howe*, 906 S.W.2d 910, 913 (Tenn.1995). However, "[i]n the absence of specific language [in the Medical Malpractice Act] stating its intention to" extend the saving statute by 120 days, we will not presume that the medical malpractice notice requirement operates to extend the saving statute. *Sharp*, 937 S.W.2d at 850.

We are cognizant of the fact that this holding is directly opposite to the determination of the Middle Section of this Court in the recent decision of *Rajvongs v. Wright*, No. M2011-01889-COA-R9-CV, 2012 Tenn. App. LEXIS 393 (Tenn. Ct. App. June 18, 2012). In *Wright*, Senior Judge Ben H. Cantrell held that the 120-day extension on "statutes of limitations" provided by Tennessee Code Annotated Section 29-26-121(c) operated to extend the saving statute, Tennessee Code Annotated Section 28-1-105(a). *Id.* at *23–24. Respectfully, we must disagree. Judge Cantrell's opinion relies on the holding of *Cunningham v. Williamson County Hospital*, No. M2011-00554-COA-R3-CV, 2011 WL 6000379 (Tenn. Ct. App. Nov. 30, 2011) (perm. appeal granted April 11, 2012). In *Cunningham*, the Middle Section held that the statute of limitations for a cause of action under the Governmental Tort Liability Act, Tennessee Code Annotated Section 29-20-305(b) was extended by compliance with the medical malpractice notice requirement. *Id.* at *6. However, unlike the saving statute at issue in this case, courts, including the Tennessee Supreme Court, have consistently described the one-year limitation on actions filed pursuant to the Governmental Tort Liability Act as a "statute of limitations." *See e.g., Sanders v. Traver*, 109 S.W.3d 282, 284 (Tenn. 2003) (framing the issue as when the one-year "statute of limitations" under the Governmental Tort Liability Act began to run); *Whitmore v. Shelby Cnty. Gov't*, No. W2010-01890-COA-R3CV, 2011 WL 3558285 (Tenn. Ct. App. Aug. 15, 2011); *Shaw v. Cleveland Utils. Water Div.*, No. E2009-00627-COA-R3-CV, 2009 WL 4250157 (Tenn. Ct. App. Nov. 30, 2009); *Willis v. Shelby Cnty.*, Nos. W200801487COAR3CV, W200801558COAR3CV, 2009 WL 1579248 (Tenn. Ct. App. June 8, 2009); *Estate of Butler v. Lamplighter Apartments*, 278 S.W.3d 321 (Tenn. Ct. App. 2008); *Estate of Butler v. Lamplighter Apartments*, 278 S.W.3d 321 (Tenn. Ct. App. 2008); *Doe v. Goodwin*, 254 S.W.3d 428 (Tenn. Ct. App. 2007); *Woods v. Jones*, 204

S.W.3d 788 (Tenn. Ct. App. 2006). In addition, the ***Wright*** opinion fails to consider this issue in light of the Tennessee Supreme Court's holding in ***Mills v. Fulmarque***, 360 S.W.3d 262 (Tenn. 2012), which expressly holds that the phrase "statute of limitations" applies "exclusively to the statute of limitations for a plaintiff's cause of action." ***Id.*** at 369.

While we agree with both Judge Cantrell and the Appellants in this case that this holding will "impose additional burdens on plaintiffs," ***Wright***, 2012 Tenn. App. LEXIS 393, at \*24, we are constrained by the express language of the medical malpractice notice requirement, as well as the holding in ***Mills***, to conclude that the saving statute is not a statute of limitations for purposes of the medical malpractice notice requirement. As such, we respectfully decline to follow the holding in ***Wright***. *See* **Ezell v. Cockrell**, No. 01A01-9304-CV-00192, 1994 WL 8295, at \*8 (Tenn. App. Jan. 12, 1994) (noting that while appellate courts are bound to follow the decisions of the Supreme Court as binding precedent, appellate courts may decline to follow decisions by other sections of the Court of Appeals, or when the decisions are not "settled precedents"); *see also* ***In re Estate of McFarland***, 167 S.W.3d 299 (Tenn. 2005) (noting that "whenever a judicial decision, . . . 'has been submitted to ***and for some time, acted under***, and is not manifestly repugnant to some rule of law of vital importance in the system, it should not lightly be departed from'") (emphasis added).

Based on the reasoning in ***Mills*** and ***Sharp***, we hold that the saving statute, Tennessee Code Annotated Section 28-1-105(a), is not an "applicable statute[] of limitations" for purposes of the medical malpractice notice requirement. Accordingly, compliance with the medical malpractice notice requirement does not operate to extend the saving statute beyond one year from the date of a nonsuit. Because Appellants did not re-file their complaint within one-year of their nonsuit, their claim is barred by the express terms of the saving statute and the applicable statute of limitations. Therefore, we affirm the judgment of the trial court and remand for dismissal of this cause. Costs of this appeal are taxed to Appellants, Derrick Johnson, Marcus Johnson, Odell Johnson, Ozell Johnson, and Terrence Johnson, and their surety.

_____
J. STEVEN STAFFORD, JUDGE