IN THE SUPREME COURT OF TENNESSEE
AT KNOXVILLE
May 6, 2003 Session

## KAILA B. WILLIAMS SANDERS, Individually and as Next of Kin to CATHI D. WILLIAMS, Deceased v. TRACIE A. TRAVER, M.D., ALL WOMEN'S CARE, P.C., SHELBY B. SHIVERS, M.D., MARYVILLE ANESTHESIOLOGISTS, P.C., d/b/a MARYVILLE ANESTHESIA GROUP, and BLOUNT MEMORIAL HOSPITAL INCORPORATED

Appeal by permission from the Court of Appeals, Eastern Section
Circuit Court for Blount County
No. L-12401     W. Dale Young, Judge

No. E2001-02926-SC-R11-CV - Filed June 19, 2003

In this wrongful death case brought under the Governmental Tort Liability Act, we address the issue of whether Tennessee Rule of Civil Procedure 6.01, which provides the computation of time for statutes of limitations, is applicable to actions involving governmental entities. Having determined that the Tennessee Rules of Civil Procedure are applicable to actions involving governmental entities in Doyle v. Frost, 49 S.W.3d 853, 858 (Tenn. 2001), and finding that Rule 6.01 defines, rather than extends, the Governmental Tort Liability Act's statute of limitations, we hold that the Court of Appeals did not err in finding that Rule 6.01 applies to actions brought under the Governmental Tort Liability Act. Accordingly, we affirm the judgment of the Court of Appeals and remand the case to the trial court for further proceedings consistent with this opinion.

**Tenn. R. App. P. 11; Judgment of the Court of Appeals Affirmed;
Judgment of the Trial Court Reversed**

FRANK F. DROWOTA, III, C. J., delivered the opinion of the court, in which E. RILEY ANDERSON, ADOLPHO A. BIRCH, JR., JANICE M. HOLDER, and WILLIAM M. BARKER, JJ., joined.

Carl P. McDonald, Maryville, Tennessee, for the appellant, Blount Memorial Hospital, Incorporated.

Sidney Gilreath and Timothy Housholder, Knoxville, Tennessee, for the appellee, Kaila B. Williams Sanders.

## OPINION

### Factual and Procedural Background

The facts of this case are undisputed. The decedent, Cathi D. Williams, was admitted to Blount Memorial Hospital ("Blount Memorial" or "the hospital") on May 26, 1999, for surgery. The decedent died in the hospital on May 28, 1999. The one year anniversary of her death occurred on Sunday, May 28, 2000. The following day, Monday, May 29, 2000, was Memorial Day, a state and federal holiday, and the courts were closed. See Tenn. Code Ann. § 15-1-101 (providing that Memorial Day is a state holiday and that public offices of the state shall be closed). On Tuesday, May 30, 2000, the decedent's daughter, Kaila B. Williams Sanders ("the plaintiff"), filed a wrongful death action in the Blount County Circuit Court against Blount Memorial, a governmental entity.[1]

Blount Memorial filed a motion to dismiss the action, asserting that the complaint had not been timely filed under Tennessee Code Annotated section 29-20-305(b), which provides that actions commenced under the Governmental Tort Liability Act ("GTLA") must be filed within twelve months after the cause of action arises. The plaintiff argued that the action was timely filed under Tennessee Rule of Civil Procedure 6.01, which provides,

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period as computed is to be included unless it is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office for filing is closed, in which event the period runs until the end of the next day which is not a Saturday, a Sunday, a legal holiday, or a day when the clerk's office for filing is closed....

The trial court, however, granted the motion to dismiss, finding that "the Tennessee Governmental Tort Liability Act supercedes and takes precedent over all other statutory provisions and that no special counting of the Statute of Limitations is set forth under said Act."

The Court of Appeals reversed the trial court, finding that the Rules of Civil Procedure are applicable to actions involving governmental entities and that the rules of computation of time are not inconsistent with the GTLA. In so holding, the Court of Appeals relied upon this Court's decisions in Doyle v. Frost, 49 S.W.3d 853, 858 (Tenn. 2001) and Lucius v. City of Memphis, 925 S.W.2d 522 (Tenn. 1996).

We granted Blount Memorial's application for permission to appeal, and we now affirm the judgment of the Court of Appeals.

---

[1] The complaint named other defendants, but they are not parties to this appeal.

## Standard of Review

Issues of statutory construction and interpretation are questions of law; thus our review is *de novo* without any presumption of correctness. State v. Walls, 62 S.W.3d 119, 121 (Tenn. 2001) (citing Freeman v. Marco Transp. Co., 27 S.W.3d 909, 911 (Tenn. 2000)). "Our duty in interpreting statutes is to ascertain and give effect to the intent and purpose of the legislature." Id.

## Analysis

The issue before us is, when the statute of limitations runs on a Sunday and the following Monday is a legal holiday, is the action timely under the GTLA when the complaint is filed on Tuesday?

The doctrine of sovereign immunity provides that governmental entities may be sued only upon the terms to which they consent. See Cruse v. City of Columbia, 922 S.W.2d 492, 495 (Tenn. 1996). The GTLA, the act under which the government allows itself to be sued for tort, provides a twelve-month period in which potential plaintiffs may file claims against the government, and, under its own terms, "any claim for damages must be brought in strict compliance with the terms of this chapter." Tenn. Code Ann. § 29-20-201(c). Blount Memorial argues that any extension of time past the twelve month deadline improperly extends the GTLA's statute of limitations, effectively allowing the governmental entity to be sued in a manner to which it did not consent. The plaintiff responds that the Tennessee Rules of Civil Procedure govern GTLA suits and essentially asserts that Rule 6.01 does not extend the time but merely defines how the twelve-month statutory period is to be computed. Thus, according to the plaintiff, Rule 6.01 allows a claim under the GTLA to be filed on the first day that the court is open following the one-year anniversary of the cause of action arising — in this case, the death of Cathi Williams.

In support of its argument, Blount Memorial relies upon Lynn v. City of Jackson, 63 S.W.3d 332 (Tenn. 2001), and argues that Lynn controls in this case. Lynn, which was not cited by the Court of Appeals, stands for the proposition that general savings statutes do not apply to extend the time for bringing claims under the GTLA. In Lynn, the plaintiffs sought to bring an action against the City of Jackson under the GTLA; however, the action was not filed in state court until after the GTLA's twelve-month statute of limitations had expired. The plaintiffs asserted that the GTLA's statute of limitations was tolled while their case was pending in federal court, pursuant to 28 U.S.C. § 1367 and Tennessee Code Annotated section 28-1-115. Section 28-1-115 allows one year from the date of dismissal from the federal court to timely file the action in state court. This Court, however, recognized that Section 28-1-115 is a savings statute, and that because sovereign immunity "precludes lawsuits against governmental entities unless the governmental entity has consented to be sued," general "savings statutes may not be applied to extend the period within which an action must be filed under the GTLA." 63 S.W.3d at 337. Thus, this Court found that the claim in Lynn was filed after the limitations period and that the trial court rightly dismissed the claim as time-barred. Therefore, Lynn has no bearing on this case unless Rule 6.01 is analogous to a general savings statute which extends the time allowed by the GTLA for filing a claim against a governmental entity.

-3-

Neither the plaintiff nor the Court of Appeals address whether Rule 6.01 is a savings statute. Both rely instead on <u>Doyle v. Frost</u>, 49 S.W.3d 853 (Tenn. 2001), for the proposition that Rule 6.01 applies to GTLA actions. In <u>Doyle</u>, this Court held that another Rule of Civil Procedure, Rule 15.03, which pertains to the relation back doctrine, did not impermissibly enlarge the time period for filing suits against governmental entities. In so holding, this Court first noted that, "[t]hough the GTLA requires strict compliance with its terms, it does not require that applicable rules of civil procedure be ignored." 49 S.W.3d at 858. We pointed out that the GTLA specifically provides that "suits under its provisions may be instituted . . . in circuit court, and the Tennessee Rules of Civil Procedure 'govern the procedure in the circuit and chancery courts of Tennessee.'" <u>Id.</u> (quoting Tenn. R. Civ. P. 1). Furthermore, we explained that

> [t]he savings statute cases cited by the Court of Appeals focus upon whether governmental entities are subject to the provisions of Tenn. Code Ann. § 28-1-105 (1999), which allows commencement of a new action within one year after a nonsuit, dismissal without prejudice, reversal, or arrest; or Tenn. Code Ann. § 28-1-115 (1999), which allows commencement of a new action in state court within one year after a federal court dismisses a case for lack of jurisdiction.
>
> ***
>
> There is, however, a fundamental difference between filing a second lawsuit and amending an original, timely-filed complaint.

49 S.W.3d at 859 (citations omitted).

For similar reasons, we find Blount Memorial's arguments unpersuasive. As stated in <u>Doyle</u>, the GTLA does not require courts to ignore applicable rules of civil procedure. The GTLA specifically allows suits to be filed in circuit court, where the Rules of Civil Procedure apply. Here, as in <u>Doyle</u>, there is a fundamental difference between a savings statute, which effectively extends the twelve-month GTLA statute of limitations, and Rule 6.01, which merely defines the statutory period.

Moreover, as the plaintiff points out, Rule 6.01 defines the twelve-month period consistently with Tennessee Code Annotated section 1-3-102, relating to "Construction of Statutes," which declares

> **§ 1-3-102. Computation of days.** The time within which any act provided by law is to be done, shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded.

Rule 6.01 and Section 1-3-102 are nearly identical. In fact, the Compiler's Notes to Section 1-3-102 indicates that the section "may be superseded in part by . . . Tenn. R. Civ. P. 6.01." We agree with

the plaintiff that, just as Section 1-3-102 appears in the "Construction of Statutes" Chapter and defines time periods, Rule 6.01 also serves to define, not extend, the period provided by statutes of limitations. Rule 6.01 is not analogous to a "savings statute." Therefore, Lynn is not controlling.

Blount Memorial further argues that the GTLA's specific twelve-month statute of limitations takes precedence over provisions of general statutes, and that Rule 6.01 should therefore not apply. However, "only statutes *inconsistent* with specific provisions of the GTLA are not applicable to suits filed against local governments." Lucius v. City of Memphis, 925 S.W.2d 522, 525 (Tenn. 1996) (emphasis in original). Since the GTLA has no specific provision directing how to compute the days for the twelve-month statute of limitations, Rule 6.01 and Tennessee Code Annotated section 1-3-102 may be applied to define the statutory period. Therefore, we agree with the Court of Appeals that Rule 6.01 does not impermissibly extend the GTLA's twelve-month statute of limitations. Suits under the GTLA normally are governed by the Tennessee Rules of Civil Procedure, see Doyle, 49 S.W.3d at 858, and Rule 6.01, which defines the twelve-month period, is no exception. Accordingly, the Court of Appeals did not err in finding that the plaintiff's complaint was timely filed.

### Conclusion

For the reasons stated herein, this Court finds that a complaint is timely filed under the GTLA's twelve month statute of limitations if it is filed pursuant to the computation of time set forth in Tennessee Rule of Civil Procedure 6.01. Since the one year anniversary of the accrual of the cause of action occurred on a Sunday, and the following Monday was a legal holiday, the complaint was timely when filed on the following Tuesday. We therefore affirm the judgment of the Court of Appeals and remand this case to the trial court for further proceedings consistent with this opinion. Costs of this appeal are taxed to the appellant, Blount Memorial Hospital, Inc., for which execution may issue if necessary.

_____
FRANK F. DROWOTA, III, CHIEF JUSTICE