# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### Assigned on Briefs November 18, 2005

## BRENDA WOODS, TAWANA POLK, JONATHAN JOY, AND CLIFTON POLK

### v.

## CATHY N. JONES, ADMINISTRATOR OF ELECTIONS, HARDEMAN COUNTY ELECTION COMMISSION; YVONNE ALLEN, HARDEMAN COUNTY ELECTION COMMISSIONER; CARL GIBSON, HARDEMAN COUNTY ELECTION COMMISSIONER; THAREN E. HALEY, HARDEMAN COUNTY ELECTION COMMISSIONER; JAMES E. HICKS, HARDEMAN COUNTY ELECTION COMMISSIONER; AND JANET WELLONS, HARDEMAN COUNTY ELECTION COMMISSIONER

An Appeal from the Chancery Court for Hardeman County
No. 15485     Allen W. Wallace, Special Judge

No. W2005-02070-COA-R3-CV - Filed February 8, 2006

This is an election contest. The plaintiffs were unsuccessful candidates for office in a municipal election held on May 19, 2005. On June 3, 2005, they filed this election contest. The defendants filed a motion to dismiss the lawsuit based on the special ten-day statute of limitations for election contests, which is set out in T.C.A. § 2-17-105. The trial court granted the motion to dismiss. The plaintiffs now appeal. We reverse, concluding that, pursuant to Tennessee Rule of Civil Procedure 6.01, intermediate Saturdays, Sundays, and legal holidays are excluded from the computation of the time in which the plaintiff must file suit.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court is Reversed and Remanded

HOLLY M. KIRBY, J., delivered the opinion of the Court, in which W. FRANK CRAWFORD, P.J., W.S., and ALAN E. HIGHERS, J., joined.

C. Michael Robbins, Memphis, Tennessee, for the appellants, Brenda Woods, Tawana Polk, Jonathan Joy, and Clifton Polk.

W. Boyette Denton, Bolivar, Tennessee, for the appellees, Cathy N. Jones, Administrator of Elections for the Hardeman County Election Commission, and Yvonne Allen, Carl Gibson, Tharen E. Haley, James E. Hicks, and Janet Wellons, Hardeman County Election Commissioners.

**OPINION**

On Thursday, May 19, 2005, a municipal election was held in Hardeman County, Tennessee. Plaintiff/Appellants Brenda Woods, Tawana Polk, Jonathan Joy, and Clifton Polk ("Plaintiffs") were unsuccessful candidates for office in that election. On Friday, June 3, 2005, the Plaintiffs filed the instant lawsuit contesting the election, pursuant to Tennessee Code Annotated § 2-17-112. The complaint named Appellee Cathy N. Jones, the Hardeman County Administrator of Elections, as a defendant, as well as Appellees Yvonne Allen, Carl Gibson, Tharen E. Haley, James E. Hicks, and Janet Wellons, all members of the Hardeman County Election Commission ("Defendants"). On July 15, 2005, the Tennessee Supreme Court entered an order designating Senior Judge Allen W. Wallace to hear the case.

On June 21, 2005, the Defendants filed a motion to dismiss the complaint based on the special ten-day statute of limitations applicable to election contests set out in Tennessee Code Annotated § 2-17-105. The statute provides simply that a "complaint contesting an election under § 2-17-101 shall be filed within ten (10) days after the election." T.C.A. § 2-17-105 (2003). Another Tennessee statute, Tennessee Code Annotated § 2-1-115, addresses the computation of time, providing that the computation "shall be in accordance with § 1-3-102." T.C.A. § 2-1-115 (2003). The referenced statute, Section 1-3-102, applies generally to "any act provided by law," and sets out the method of computing the time:

> The time within which any act provided by law is to be done shall be computed by excluding the first day and including the last, unless the last day is a Saturday, a Sunday, or a legal holiday, and then it shall also be excluded.

T.C.A. § 1-3-102 (2003).

In this case, the tenth day after the election was May 29, 2005, which was a Sunday. The following day, Monday, May 30, was Memorial Day, a legal holiday. Under these circumstances, the Defendants argued the last day on which the Plaintiffs could have filed suit would have been Tuesday, May 31, 2005. Therefore, the Defendants maintained, the Plaintiffs' June 3, 2005 petition was untimely. The Plaintiffs, on the other hand, argued that under Rule 6.01 of the Tennessee Rules of Civil Procedure, the intermediate Saturdays, Sundays, and holidays should have been excluded from the computation of the ten-day time limit. Rule 6.01 provides:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the

-2-

aforementioned days. ***When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.***

Tenn. R. Civ. P. 6.01 (2005) (emphasis added). Because the applicable statute of limitations is "less than eleven days," the Plaintiffs contend, intermediate Saturdays, Sundays, and holidays should have been excluded from the computation. The Plaintiffs assert that if those days are excluded, namely, May 21 (Saturday), 22 (Sunday), 28 (Saturday), 29 (Sunday), and 30 (Memorial Day), the lawsuit was timely filed on the tenth day, June 3, 2005.

On August 3, 2005, the trial court conducted a hearing on the Defendants' motion to dismiss. At the conclusion of the hearing, the trial court orally granted the motion. The trial court determined that Tennessee statutes governed the issue, and that Rule 6.01 of the Tennessee Rules of Civil Procedure did not affect the computation of time for the statute of limitations. On August 15, 2005, the trial court entered an order consistent with its oral ruling. From that order, the Plaintiffs now appeal.

On appeal, the Plaintiffs make the same argument they made to the trial court, that their complaint was timely filed under the computation method set out in both Section 1-3-102 and Rule 6.01. The facts in this case are undisputed, and the issue presented is a question of law, which we review *de novo* with no presumption of correctness. ***Fahrner v. SW Mfg., Inc.***, 48 S.W.3d 141, 144 (Tenn. 2001).

The Tennessee Supreme Court addressed the ten-day time limitation for election contests set out in Section 2-17-105 in ***Forbes v. Bell***, 816 S.W.2d 716 (Tenn. 1991). In ***Forbes***, the plaintiffs filed their complaint, as well as an amended complaint, within ten days after the August 1990 election. After the ten-day period had expired, the plaintiffs filed a motion to amend their complaint. The proposed amendment to the complaint was substantive in nature. ***Forbes***, 816 S.W.2d at 718. The plaintiffs argued that the amendment should be permitted pursuant to Rule 15 of the Tennessee Rules of Civil Procedure, which allows amendments "freely . . . when justice so requires." Tenn. R. Civ. P. 15.01. The trial court denied the plaintiffs' motion to amend, and the plaintiffs appealed. The Supreme Court affirmed the denial of the plaintiffs' motion to amend the complaint, stating that the ten-day time limitation in Section 2-17-105 is unambiguous and should be strictly applied, regardless of the Tennessee Rules of Civil Procedure:

> This special statute of limitations [Section 2-17-105] has long been strictly applied in election contests, which are purely creatures of statute and were not recognized at common law or in equity. The proceedings in an election contest are said to be summary in nature, and the statutory prerequisites are considered jurisdictional. Hence, the court cannot review grounds for invalidating election results unless they have been filed within the statutory period, ***rules of practice in civil actions to the contrary notwithstanding***.

*Id.* (emphasis added). Thus, the Court held that the ten-day time limitation in Section 2-17-105 was jurisdictional and could not be expanded by filing an untimely amendment of the complaint, regardless of the "relaxed pleading requirements of the Tennessee Rules of Civil Procedure." The Court added that a late amendment of the complaint could be permitted if the amendment sought only to correct technical matters or to set out in more detail grounds alleged in the original complaint. Under the facts in *Forbes*, however, the Court rejected the proposed amendment because it sought to make substantive changes to the original and first amended complaints. *Id.*

In this appeal, the Plaintiffs acknowledge the statement in *Forbes* that the ten-day time limitation for election contests is jurisdictional and cannot be expanded by the Tennessee Rules of Civil Procedure. They argue, however, that the application of Rule 6.01 does not expand the statutory ten-day time limitation, as did Rule 15 in *Forbes*; rather, Rule 6.01 defines the manner of computing the time period and does not conflict with Tennessee Code Annotated § 2-17-105, § 2-1-115, or § 1-3-102. Moreover, the Plaintiffs argue, Section 2-1-115 was rewritten in 1991, after *Forbes* was decided, and now provides that the computation of time in an election contest should be decided in accordance with Section 1-3-102. In contrast, at the time *Forbes* was decided, Section 2-1-115 provided:

> ***Notwithstanding the provisions of § 1-3-102 or any other law***, for the purpose of computing time within which any act required by this title is to be done, the same shall be computed by excluding the first day and including the last, unless the last day is a Sunday or legal holiday in which cases such act will be due on the first previous day which is not a Sunday or legal holiday.

T.C.A. § 2-1-115 (1985) (emphasis added). Thus, under Section 2-1-115 at that time, the computation for the time limitation in election contests was to be made "[n]otwithstanding the provisions of § 1-3-102 or any other law." In 1991, this language was replaced with the following language: "The computation of time within which to do any act required by this title shall be in accordance with 1-3-102." T.C.A. § 2-1-115 (2003). Therefore, after the 1991 amendment of Section 2-1-115, the computation of the time in which to file an election contest was to be done in the same manner as for any other "act provided by law" under Section 1-3-102. *See* T.C.A. §1-3-102 (2003).

In addition, Plaintiffs point out in 1999, Rule 6.01 was amended to provide that, "[w]hen the period of time prescribed or allowed is *less than eleven days*, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation." Tenn. R. Civ. P. 6.01 (2005) (emphasis added). Prior to this amendment, intermediate holidays were to be excluded in the computation of time only when the period of time prescribed was *less than seven days*, and consequently Rule 6.01 was not applicable to an election contest. Therefore, the Plaintiffs argue, the amendments to both Section 2-1-115 and Rule 6.01 render inapplicable the reasoning in *Forbes*.

In response, the Defendants argue that the holding in *Forbes* forecloses the Plaintiffs' reliance on Rule 6.01, because application of that Rule would impermissibly expand the ten-day

limitation set out in Section 2-17-105. Under *Forbes*, the ten-day time limitation is jurisdictional and must be "strictly applied in election contests, which are purely creatures of statute . . . ." *Forbes*, 816 S.W.2d at 718. The Defendants point out that *Forbes* emphasized that an election contest must be filed within ten days under the statute, notwithstanding "rules of practice in civil actions." *Id.* As the Court noted in *Forbes*, the Tennessee legislature has not only reaffirmed the time limitation for filing an election contest, it has in fact tightened that limitation by reducing it in 1972 from twenty days to ten days. *Id.* The Defendants claim that the pertinent provision in Rule 6.01, amended to apply to eleven days rather than seven days, was amended in order to eliminate confusion over whether the mailing of a five day notice creates an eight day period because of Rule 6.05. Thus, they contend, Rule 6.01 should not be applied in this case.

The parties have not cited, nor have we found, any case that addresses the effect of the amended laws on election contests. In cases decided subsequent to *Forbes*, however, Rule 6.01 has been applied to other statutory time limitations and its application has been found not to be inconsistent with Section 1-3-102.

In *Sanders v. Traver*, 109 S.W.3d 282 (Tenn. 2003), the plaintiff filed a wrongful death action, to which a one-year statute of limitations applied. The plaintiff's decedent died on May 28, 1999, and the one-year anniversary of her death fell on a Sunday. The next day, May 29, was Memorial Day, a legal holiday. The wrongful death lawsuit was filed on the following day, Tuesday, May 30, 2000. *Sanders*, 109 S.W.3d at 283. The defendant governmental entity filed a motion to dismiss, claiming that the action should have been filed within twelve months pursuant to the one-year Government Tort Liability Act ("GTLA") statute of limitations, Tennessee Code Annotated § 29-20-305(b). The GTLA statute of limitations did not specify a method for computing the time. The trial court granted the motion to dismiss, concluding that the GTLA "supercedes and takes precedent over all other statutory provisions and that no special counting of the Statute of Limitations is set forth under said Act." *Id.* The plaintiffs appealed. The Court of Appeals reversed the trial court's decision, holding that Rule 6.01 applied to the computation of time, and that the Rule was not inconsistent with the GTLA. *Id.* at 283-84. On appeal to the Tennessee Supreme Court, the defendants argued that the twelve-month time limitation set out in the GTLA was statutory and could not be expanded by Rule 6.01. The defendants contended that, because the government consented to be sued under the GTLA, such consent did not extend beyond the twelve-month period. The Supreme Court rejected that argument, reasoning that "Rule 6.01 does not extend the time but merely defines how the twelve-month statutory period is to be computed." *Id.* at 284. The Court observed that "[t]he GTLA does not require courts to ignore applicable rules of civil procedure. . . . [T]here is a fundamental difference between a savings statute, which effectively extends the twelve-month GTLA statute of limitations, and Rule 6.01, which merely defines the statutory period." *Id.* at 285. It noted that Rule 6.01 was consistent with the computation method set out in Section 1-3-102, and that the Compiler's Notes to Section 1-3-102 stated that the section "may be superseded in part by . . . Tenn. R. Civ. P. 6.01." *Id.* (quoting T.C.A. § 1-3-102 Compiler's Notes). The Court concluded that the application of both Rule 6.01 and Section 1-3-102 only defines the statutory period, but does not extend it. *Id.*; *see also Smith v. Hose*, No. 03A01-9501-CV-0006, 1995 WL 371675, at *1-*2 (Tenn. Ct. App. June 21, 1995) (construing the one-year time limitation for personal injuries in

T.C.A. § 28-3-104 in accordance with Rule 6.01 and stating that the rule is consistent with Section 1-3-102).

We recognize the continued force of the admonition in *Forbes* that the special statute of limitations for election contests in Section 2-17-105 is jurisdictional in nature and must be strictly applied. However, since the *Forbes* decision, the pertinent statutes have changed in significant respects. At the time that *Forbes* was before the Court, Section 2-1-115 stated that its description of the method for computing the time period applied "[n]otwithstanding the provisions of § 1-3-102 or any other law . . . ." After the *Forbes* decision, the statute was amended to state the opposite, directing that the computation of time be done "in accordance with [§] 1-3-102." Moreover, at the time of the *Forbes* decision, Rule 6.01 of the Tennessee Rules of Civil Procedure applied only to time periods of less than seven days, and would not have been applicable to a ten-day statute of limitations. Consequently, the method of computing time in Rule 6.01 was not considered. After *Forbes*, Rule 6.01 was made applicable to time periods of less than *eleven* days. The Tennessee Supreme Court in *Sanders* recognized that Section 1-3-102 "may be superseded in part by . . . Tenn. R. Civ. P. 6.01." *Sanders*, 109 S.W.3d at 285. Rule 6.01 states that it should be applied "[i]n computing any period of time prescribed or allowed by these rules . . . or by any applicable statute." Tenn. R. Civ. P. 6.01 (2005). All of this, taken together, indicates that the time limitation in Section 2-17-105 should be computed by reference to Section 1-3-102 and Rule 6.01, which are "nearly identical." *Id.*

Moreover, *Forbes* involved an issue not presented in the instant case. The Court in *Forbes* held that the plaintiff could not amend the substance of her complaint after the ten-day statute of limitations had expired, because such an amendment would effectively extend the ten-day time limitation. In contrast, in this case, the method of computing the ten-day limitation is at issue. The *Sanders* Court made it clear that "Rule 6.01 does not extend the time but merely defines how the . . . statutory period is to be computed." *Sanders*, 109 S.W.3d at 284. Reconciling *Forbes* and *Sanders*, while the special statute of limitations for election contests is jurisdictional and must be strictly applied, the method of computing the time period may be defined by Rule 6.01. Therefore, as in *Sanders*, we conclude that Rule 6.01 should have been applied in this case, and that the trial court erred in dismissing the Plaintiffs' lawsuit as untimely.

The decision of the trial court is reversed and the cause is remanded for further proceedings not inconsistent with this Opinion. Costs on appeal are to be taxed equally to Defendant/Appellees Cathy N. Jones, Administrator of Elections for the Hardeman County Election Commission, and Yvonne Allen, Carl Gibson, Tharen E. Haley, James E. Hicks, and Janet Wellons, Hardeman County Election Commissioners, for which execution may issue, if necessary.

 

 

 

_____
HOLLY M. KIRBY, JUDGE