IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 20, 2015

**TIMOTHY A. BAXTER v. STATE OF TENNESSEE, ET AL.**

**Appeal from the Circuit Court for Madison County**
**No. C14175     Donald H. Allen, Judge**

_____

**No. W2015-00078-COA-R3-CV – Filed August 10, 2015**
_____

This appeal arises from the trial court's grant of two motions to dismiss in favor of Appellees. With regard to the State of Tennessee, the trial court found that the State and its employees were immune from liability under the doctrines of sovereign immunity, judicial immunity, and prosecutorial immunity. With regard to Madison County, the trial court held that Appellant's complaint was time barred. Discerning no error, we affirm and remand.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed.**

KENNY ARMSTRONG, J., delivered the opinion of the Court, in which J. STEVEN STAFFORD, P.J., W.S., and ARNOLD B. GOLDIN, J., joined.

Timothy Aaron Baxter, Tiptonville, Tennessee, appellant, pro se.

Herbert H. Slatery, III, Attorney General and Reporter, Laura Miller, Assistant Attorney General, Nashville, Tennessee, for the appellee, State of Tennessee.

James I. Pentecost, Jackson, Tennessee, for the appellee, Madison County, Tennessee.

**OPINION**

**I.  Factual and Procedural History**

Timothy A. Baxter, Appellant, is an inmate in the custody of the Tennessee Department of Correction ("TDOC"). Mr. Baxter's claim arises from his arrest on June 26, 2011 for failing to appear in court pursuant to a warrant. Mr. Baxter was allegedly indicted for simple possession of marijuana, and his arraignment on this charge was allegedly set for June 26, 2011. However, Mr. Baxter contends that he never received notice of an arraignment date on the simple possession charge from the Madison County Court Clerk, Kathy Blount. Mr. Baxter further alleges that Ms. Blount told him in court on May 9, 2011, that his simple possession of marijuana offense was dismissed. Believing the marijuana offense had been dismissed and not receiving a notice, Mr. Baxter did not appear for arraignment on June 26, 2011. Later that day, a warrant was issued for his arrest for failure to appear, and he was picked up that same day pursuant to the warrant. Mr. Baxter further alleges that he was held without bond from June 26, 2011 until July 11, 2011 for his alleged failure to appear in court. Mr. Baxter contends that this constituted false arrest and false imprisonment in violation of his Fourth and Fourteenth Amendment rights under the United States Constitution.

On September 4, 2012, prior to filing his complaint in state court, Mr. Baxter filed an action in the United State District Court for the Western District of Tennessee against the State of Tennessee and Madison County, Tennessee. On August 23, 2013, the U.S. District Court dismissed Mr. Baxter's complaint without prejudice for failure to state a claim based upon the doctrines of sovereign immunity, prosecutorial immunity, and judicial immunity. Mr. Baxter appealed the district court's decision to the federal Sixth Circuit Court of Appeals on September 20, 2013. That appeal was dismissed on April 29, 2014 for failure to prosecute.

On July 15, 2014, Mr. Baxter then filed a complaint against the State of Tennessee ("State") and Madison County ("County") together as Appellees, in the Madison County Circuit Court. Mr. Baxter alleges in his complaint that the State is liable for the actions of its employees, including the Assistant District Attorney Rolf Hazelhurst, who handled his prosecution, and Judge Roy Morgan, the Circuit Court Judge assigned to his case. Mr. Baxter also makes specific allegations against Madison County Court Clerk, Kathy Blount, in his complaint. Mr. Baxter contends that ADA Hazelhurst and Judge Morgan were aware that Ms. Blount failed to serve a criminal summons on him and, therefore, were acting together to unlawfully arrest and imprison him without a hearing or an opportunity for bond; thus, violating his Fourth and Fourteenth Amendment rights. Mr. Baxter further alleges in his complaint that the State of Tennessee and Madison County, Tennessee are guilty of "intentional and/or negligent infliction of emotional distress, loss of companionship, negligence, negligent supervision, gross negligence, false imprisonment, and false arrest." In addition to punitive damages, Mr. Baxter seeks money damages in the amount of $550,000

for mental and physical pain and suffering related to his arrest and imprisonment.

In response to Mr. Baxter's complaint, both the State and County filed motions to dismiss. On October 21, 2014, the trial court entered two separate orders granting both of the motions to dismiss. On November 10, 2014, Mr. Baxter filed three motions to alter or amend the dismissal orders arguing that the trial court had misconstrued the immunity of both the State of Tennessee and Madison County under the GTLA, as well as the statute of limitations. All of these motions were subsequently denied by the trial court by order entered December 12, 2014. Mr. Baxter appeals.

## II. Issues

The following issues are presented for appeal:

1. Whether the trial court erred in granting Madison County and the State of Tennessee's motion to dismiss based on the statute of limitations?

2. Whether the trial court erred in granting Madison County and the State of Tennessee's motion to dismiss based on failure to state a claim upon which relief can be granted?

3. Whether the trial court erred in holding that the entities of Madison County and the State of Tennessee are not liable, under the GTLA, for their employee's negligent acts and omissions while they were acting within the scope of their duties?

## III. Standard of Review

The resolution of a 12.02(6) motion to dismiss is determined by an examination of the pleadings alone. *Leggett v. Duke Energy Corp.,* 308 S.W.3d 843, 851 (Tenn. 2010); *Trau–Med of Am., Inc. v. Allstate Ins. Co.,* 71 S.W.3d 691, 696 (Tenn. 2002). A defendant who files a motion to dismiss "'admits the truth of all of the relevant and material allegations contained in the complaint, but . . . asserts that the allegations fail to establish a cause of action.'" *Brown v. Tenn. Title Loans, Inc.,* 328 S.W.3d 850, 854 (Tenn. 2010) (quoting *Freeman Indus., LLC v. Eastman Chem. Co.,* 172 S.W.3d 512, 516 (Tenn. 2005)).

In considering a motion to dismiss, courts "'must construe the complaint liberally, presuming all factual allegations to be true and giving the plaintiff the benefit of all reasonable inferences.'" *Tigg v. Pirelli Tire Corp.,* 232 S.W.3d 28, 31-32 (Tenn. 2007)

3

(quoting **Trau-Med.**, 71 S.W.3d at 696). A trial court should grant a motion to dismiss "only when it appears that the plaintiff can prove no set of facts in support of the claim that would entitle the plaintiff to relief." **Crews v. Buckman Labs. Int'l, Inc.,** 78 S.W.3d 852, 857 (Tenn. 2002); *see* **Lanier v. Rains**, 229 S.W.3d 656, 660 (Tenn. 2007). We review the trial court's legal conclusions regarding the adequacy of the complaint de novo with no presumption that the trial court's decision was correct. **Webb v. Nashville Area Habitat for Humanity, Inc**., 346 S.W.3d 422, 429 (Tenn. 2011).

We are also cognizant of the fact that Mr. Baxter is proceeding pro se in this appeal. Parties who decide to represent themselves are entitled to fair and equal treatment by the courts. **Whitaker v. Whirlpool Corp.**, 32 S.W.3d 222, 227 (Tenn. Ct. App. 2000); **Paehler v. Union Planters Nat'l Bank, Inc.**, 971 S.W.2d 393, 396 (Tenn. Ct. App. 1997). The courts should take into account that many pro se litigants have no legal training and little familiarity with the judicial system. *Irvin v. City of Clarksville*, 767 S.W.2d 649, 652 (Tenn. Ct. App. 1988). However, the courts must also be mindful of the boundary between fairness to a pro se litigant and unfairness to the pro se litigant's adversary. Thus, the courts must not excuse pro se litigants from complying with the same substantive and procedural rules that represented parties are expected to observe. **Hessmer v. Hessmer**, 138 S.W.3d 901, 903 (Tenn. Ct. App. 2003) (citing **Edmundson v. Pratt**, 945 S.W.2d 754, 755 (Tenn. Ct. App. 1996)).

## IV. Analysis

### A. Statute of Limitations

Appellant argues that the trial court erred in granting the Appellees' motions to dismiss based on the running of the statute of limitations. In the first instance, it should be noted that only Madison County's motion to dismiss was granted on this basis. All claims raised by Mr. Baxter in his complaint filed July 15, 2014 against Madison County are governed by the GTLA, which provides that actions against governmental entities "must be commenced within twelve (12) months after the cause of the action arises." Tenn. Code Ann. § 29-20-305(b). The statute of limitations provision of the GTLA demands strict compliance. **Doyle v. Frost**, 49 S.W.3d 853, 858 (Tenn. 2001).

In an effort to avoid dismissal of his action on statute of limitations grounds, Mr. Baxter cites the saving statute found at Tennessee Code Annotated section 28-1-115 which provides:

> Notwithstanding any applicable statute of limitation to the contrary, any party filing an action in a federal court that is subsequently dismissed for lack of jurisdiction shall have one

(1) year from the date of such dismissal to timely file such
action in an appropriate state court.

Mr. Baxter argues that his lawsuit in state court was filed within one year of the dismissal of
his federal lawsuit on April 29, 2014. Our courts, however, have uniformly held that the
saving provision of Tennessee Code Annotated section 28-1-115 may not be used to "extend
the period" within which an action must be filed against a governmental entity. *Doyle*, 49
S.W.3d at 859; *Lynn v. City of Jackson,* 63 S.W.3d 332, 337 (Tenn. 2001); *Sanders v.
Traver,* 109 S.W.3d 282, 284 (Tenn. 2003); *Nance v. City of Knoxville,* 883 S.W.2d 629,
631 (Tenn. Ct. App. 1994). Similarly, in *Gore v. Tennessee Dept. of Correction,* 132
S.W.3d 369, 379 (Tenn. Ct. App. 2003), we noted with regard to the State:

> Tennessee Code Annotated sections 28-1-105 and 28-1-115 do
> not specifically state that they are applicable to the sovereign
> State of Tennessee. These statutes have been held to be in
> derogation of sovereign immunity and [are] not effective to toll
> any statute of limitations as to the State of Tennessee.

*Id.* In Tennessee, "a cause of action arises under GTLA when the plaintiff discovers, or in
the exercise of reasonable care should have discovered, that he or she sustained an injury as a
result of the defendant's wrongful conduct." *Sutton v. Barnes*, 78 S.W. 3d 908, 916 (Tenn.
Ct. App. 2002) (citing *Shadrick v. Coker*, 963 S.W.2d 726, 733 (Tenn. 1998)). "The
plaintiff is deemed to have discovered the right of action if he is aware of facts sufficient to
put a reasonable person on notice that he has suffered an injury as a result of wrongful
conduct." *Shadrick*, 963 S.W. 2d at 733 (internal citations omitted).

In this case, Mr. Baxter alleges that he was arrested for his failure to appear on June
26, 2011. He next appeared before Judge Roy Morgan regarding his failure to appear charge
on July 11, 2011. Mr. Baxter, however, did not file his lawsuit in the U.S. District Court
until September 4, 2012, well over the twelve month statute of limitations period defined in
Tennessee Code Annotated section 29-20-305(b). Having waited more than a year to file his
initial lawsuit in federal court, it is clear that Mr. Baxter's state court action against Madison
County was not filed within the statutory limitations period, and the trial court did not err in
dismissing Appellant's action against Madison County for that reason.

### B. Failure to state a claim upon which relief can be granted

Mr. Baxter also argues that the trial court erred in granting the motion to dismiss filed
by the State of Tennessee. In regard to Mr. Baxter's claim against the State of Tennessee, the

trial court found that it did not have subject matter jurisdiction to hear a claim against the State for money damages pursuant to the doctrine of sovereign immunity.

The doctrine of sovereign immunity protects the state and its political subdivisions from tort liability and has been a part of Tennessee jurisprudence for well over one hundred years. *Hughes v. Metro. Gov't of Nashville & Davidson Cnty.,* 340 S.W.3d 352, 360 (Tenn. 2011). Our state constitution provides that "suits may be brought against the State in such manner and in such courts as the Legislature may by law direct." Tenn. Const. art. I, § 17. Therefore, suit may not be brought against a governmental entity except to the extent that the governmental entity has specifically consented to be sued. *Cruse v. City of Columbia,* 922 S.W.2d 492 (Tenn. 1996).

Tennessee Code Annotated Section 20-13-102 outlines the parameters of sovereign immunity:

> (a) No court in the state shall have any power, jurisdiction or authority to entertain any suit against the state, or against any officer of the state acting by authority of the state, with a view to reach the state, its treasury, funds or property, and all such suits shall be dismissed as to the state or such officers, on motion, plea or demurrer of the law officer of the state, or counsel employed for the state.

In 1973, the Tennessee General Assembly enacted the GTLA. The GTLA removes sovereign immunity, only in limited and specified instances. *Kirby v. Macon Cnty.*, 892 S.W.2d 403, 406 (Tenn. 1994). Tennessee Code Annotated Section 29-20-102 defines governmental entity within the GTLA, in pertinent part, as follows:

> (3)(A) "Governmental entity" means any political subdivision of the state of Tennessee including, but not limited to, any municipality, metropolitan government, county, utility district, school district, nonprofit volunteer fire department receiving funds appropriated by a county legislative body or a legislative body of a municipality, human resource agency, community action agency or nonprofit corporation that administers the Head Start or Community Service Block Grant programs, public building authority, and development district created and existing pursuant to the constitution and laws of Tennessee, or any instrumentality of government created by any one (1) or more of

the named local governmental entities or by an act of the general assembly.

Tenn. Code Ann. § 29-20-102. The GTLA governs claims against counties, municipalities, and other local governmental agencies, but does not apply to state government, its agencies, and departments. *See **Lucius v. City of Memphis***, 925 S.W.2d 522, 525 (Tenn. 1996) (citing ***Tenn. Dept. of Mental Health & Mental Retardation v. Hughes***, 531 S.W.2d 299, 300 (Tenn. 1975)).

The only statutory exceptions to the sovereign immunity of the State of Tennessee are those claims that may be heard by the Tennessee Claims Commission pursuant to Tennessee Code Annotated Section 9-8-307 *et seq*.

> (a)(1) The commission or each commissioner sitting individually has **exclusive** jurisdiction to determine all monetary claims against the state based on the acts or omissions of "state employees," falling within certain specific categories.

Tenn. Code Ann. § 9-8-307 (emphasis added). Therefore, we affirm the trial court's finding that it had no subject matter jurisdiction to hear a claim against the State of Tennessee for money damages. In light of our holdings in this case regarding Mr. Baxter's claims against Madison County and the State of Tennessee, the remaining issues raised by Mr. Baxter are pretermitted.

## V. Conclusion

For the foregoing reasons, we affirm the order of the trial court. This case is remanded to the trial court for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed against the Appellant, Timothy A. Baxter. Because Mr. Baxter is proceeding *in forma pauperis* in this appeal, execution may issue for costs if necessary.

_____
KENNY ARMSTRONG, JUDGE