IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 7, 2024 Session

## STARGATE AUTO SALES, LLC v. DAVID GERREGANO, COMMISSIONER OF THE TENNESSEE DEPARTMENT OF REVENUE

**Appeal from the Chancery Court for Davidson County**
**No. 22-1557-IV      Russell T. Perkins, Chancellor**

---

### No. M2023-00496-COA-R3-CV

---

The Tennessee Department of Revenue audited a car dealership and assessed unpaid taxes against the business. After an informal review by the Commissioner of the Tennessee Department of Revenue, the auto dealership filed suit in the Chancery Court for Davidson County to challenge the assessment. The trial court found that the auto dealership's complaint had been filed one day past the applicable filing period and dismissed the action for lack of subject matter jurisdiction. Finding no error, we affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

ANDY D. BENNETT, J., delivered the opinion of the Court, in which W. NEAL MCBRAYER and KRISTI M. DAVIS, JJ., joined.

Tyler Harrison DeWitt, Memphis, Tennessee, for the appellant, Stargate Auto Sales, LLC.

Jonathan Skrmetti, Attorney General and Reporter, Andrée Blumstein, Solicitor General, and Jessica Catherine Simon, Assistant Attorney General, for the appellee, Tennessee Department of Revenue.

### OPINION

#### FACTUAL AND PROCEDURAL BACKGROUND

Stargate Auto Sales, LLC ("Stargate") operated an automotive dealership. On January 9, 2020, the Tennessee Department of Revenue (the "Department") notified Stargate that the Department would be auditing its tax filings for the period of December 1, 2016 to November 30, 2019. The audit ultimately resulted in the Department finding that Stargate did not correctly report its sales and use tax, franchise and excise tax, and business tax, resulting in a tax assessment of $270,120.42. Stargate then requested an

informal conference with the Department, which occurred on August 2, 2021. On August 19, 2022, the Commissioner of the Tennessee Department of Revenue, David Gerregano, (the "Commissioner") issued a decision letter upholding the proposed tax assessment.

In response, on November 18, 2022, Stargate filed a complaint in the Davidson County Chancery Court against the Commissioner challenging the assessment under Tenn. Code Ann. § 67-1-1801(a)(1)(B). On January 9, 2023, the Commissioner filed a motion to dismiss the complaint for lack of subject matter jurisdiction pursuant to Tenn. R. Civ. P. 12.02(1) because, among other issues with the complaint, the complaint was not timely filed. In the alternative, the Commissioner moved to dismiss the complaint because the complaint failed to state a claim upon which relief can be granted under Tenn. R. Civ. P. 12.02(6) because it did not comply with Tenn. Code Ann. § 67-1-1801(b).

On March 28, 2023, the court granted the Commissioner's motion to dismiss, concluding that Stargate failed to timely file its complaint because the filing period began on August 20, 2022, and ended on November 17, 2022—one day before Stargate filed the complaint. Because Stargate failed to timely file its complaint, the court concluded that it did not have subject matter jurisdiction over the claim and dismissed the complaint. Stargate timely appealed

Stargate presents a single issue for our review: whether the trial court erred in concluding that Stargate failed to timely file its complaint within the ninety-day filed period prescribed by Tenn. Code. Ann. § 67-1-1801(b)(1).[1]

STANDARD OF REVIEW

We review the trial court's judgment after a non-jury proceeding de novo upon the record with a presumption of correctness as to the trial court's findings of fact unless the evidence preponderates otherwise. *See* TENN. R. APP. P. 13(d); *Rogers v. Louisville Land Co.*, 367 S.W.3d 196, 204 (Tenn. 2012). Evidence preponderates against a trial court's finding of fact if it supports another finding of fact "with greater convincing effect." *Rawlings v. John Hancock Mut. Life Ins. Co.*, 78 S.W.3d 291, 296 (Tenn. Ct. App. 2001). We review the trial court's conclusions of law de novo with no presumption of correctness. *Rogers*, 367 S.W.3d at 204.

In regard to a motion to dismiss for lack of subject matter jurisdiction, our Supreme Court has explained:

---

[1] Stargate's brief presents the issue as being "whether the Appellant timely filed its complaint within the ninety-day filing period prescribed by Tenn. Code Ann. § 67-1-1801(a)(1)(B)." However, this section of the statute does not control the filing of an action by the taxpayer. We assume that Stargate means Tenn. Code Ann. § 67-1-1801(b)(1).

A motion to dismiss for lack of subject matter jurisdiction falls under Tennessee Rule of Civil Procedure 12.02(1). The concept of subject matter jurisdiction involves a court's lawful authority to adjudicate a controversy brought before it. Subject matter jurisdiction involves the nature of the cause of action and the relief sought, and can only be conferred on a court by constitutional or legislative act. Since a determination of whether subject matter jurisdiction exists is a question of law, our standard of review is de novo, without a presumption of correctness.

*Northland Ins. Co. v. State*, 33 S.W.3d 727, 729 (Tenn. 2000) (internal citations omitted).

ANALYSIS

On appeal, Stargate asserts a single argument: that the trial court erred when it dismissed Stargate's complaint for lack of subject matter jurisdiction based upon Stargate not filing its complaint within the ninety-day period required by the statute.

Stargate's complaint was dismissed under Tenn. R. Civ. P. 12.02(1) for lack of subject matter jurisdiction. When a defendant raises a challenge to a court's subject matter jurisdiction, he or she is calling into question the court's "lawful authority to adjudicate a controversy brought before it." *Id.* Therefore, this question should be viewed as a threshold inquiry. *Redwing v. Cath. Bishop for Diocese of Memphis*, 363 S.W.3d 436, 445 (Tenn. 2012). When subject matter jurisdiction is challenged under Rule 12.02(1), "the party asserting that subject matter jurisdiction exists . . . has the burden of proof." *Chapman v. DaVita, Inc.*, 380 S.W.3d 710, 712 (Tenn. 2012).

In the motion to dismiss, the Commissioner accepted Stargate's factual assertions and argued that, even under these facts, the court lacked subject matter jurisdiction over the claim because the complaint was not timely filed. Therefore, this is a facial challenge, i.e., a challenge to the complaint itself. *See Redwing*, 363 S.W.3d at 445. With a facial challenge, we presume that the factual allegations in the plaintiff's complaint are true. *Id.* at 445-46.

Only the Tennessee General Assembly may consent to suits against the state, and no court has subject matter jurisdiction over a suit against the state unless this consent has been given. *SunTrust Bank, Nashville v. Johnson*, 46 S.W.3d 216, 221 (Tenn. Ct. App. 2000). Under Tenn. Code Ann. § 67-1-1804, "[t]he procedure established by this part is the sole and exclusive jurisdiction for determining liability for all taxes collected or administered by the commissioner of revenue . . . ." Stargate's complaint was brought under Tenn. Code Ann. § 67-1-1801, which governs the manner and procedure for bringing suit against the state when a party believes the final assessment of tax owed is "unjust, illegal or incorrect." *Id.* § 67-1-1801(a)(1). More specifically, Stargate filed suit under subsection (a)(1)(B), which provides: "The taxpayer may file suit against the commissioner

- 3 -

in chancery court in the appropriate county in this state, challenging all or any portion of the final assessment of such tax, including any interest and penalty associated with the tax." *Id.* § 67-1-1801(a)(1)(B). The statute requires that the complaint be: (1) filed within ninety days of the date the assessment becomes final; and (2) signed by the taxpayer under the penalties of perjury. *Id.* § 67-1-1801(b)(1)-(2). Our review focuses on the first of these requirements.

The tax assessment in this case became final on August 19, 2022, when the Commissioner upheld the proposed tax assessment. Therefore, our task will be to determine what the proper filing period was under the applicable law. We begin by noting that Tenn. Code Ann. § 67-1-1801 contains no provision directing how to compute the ninety-day filing period. We therefore rely on Tenn. R. Civ. P. 6.01 to determine the appropriate calculation of the filing period.[2] *See Sanders v. Traver*, 109 S.W.3d 282, 285-86 (Tenn. 2003) ("Since the [statute] has no specific provision directing how to compute the days for the twelve-month statute of limitations, Rule 6.01 and Tennessee Code Annotated section 1-3-102 may be applied to define the statutory period."). That rule states:

> In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday as defined in Tenn. Code Ann. § 15-1-101, or, when the act to be done is the filing of a paper in court, a day on which the office of the court clerk is closed or on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven days, intermediate Saturdays, Sundays and legal holidays shall be excluded in the computation.

TENN. R. CIV. P. 6.01.

Our Supreme Court has instructed that:

> Interpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness. *Lacy v. Cox*, 152 S.W.3d 480, 483 (Tenn. 2004). The rules of statutory construction guide our interpretation of these rules. *Thomas v. Oldfield*, 279 S.W.3d 259, 261

---

[2] While not applicable for these purposes, the statute does adopt the rules governing discovery found in the Tennessee Rules of Civil Procedure in two instances. "The Commissioner shall be entitled to discover any and all matters, not privileged, pursuant to the Rules of Civil Procedure." Tenn. Code Ann. § 67-1-1801(g), (h).

(Tenn. 2009) (holding that "[a]lthough the rules of civil procedure are not statutes, the same rules of statutory construction apply"). Our primary interpretive objective is to effectuate the drafters' intent without broadening or restricting the intended scope of the rule. *See Owens v. State*, 908 S.W.2d 923, 926 (Tenn. 1995). We achieve this objective by examining the text, and if the language is unambiguous, we simply apply the plain meaning of the words used. *Garrison v. Bickford*, 377 S.W.3d 659, 663 (Tenn. 2012). Our duty is to enforce the rule as written. *See Waldschmidt v. Reassure Am. Life Ins. Co.*, 271 S.W.3d 173, 176 (Tenn. 2008).

*Fair v. Cochran*, 418 S.W.3d 542, 544 (Tenn. 2013).

The plain language of Rule 6.01 states that the day "of the act, event, or default" is excluded from computing any time period. Neither party disputes that August 19, 2022, was the date the assessment because final and is, therefore, excluded from the ninety-day filing period under Rule 6.01. The difference between the parties' date calculations is what day is counted as day one in the calculation. Included in the record is a calendar created by the Commissioner that lays out the Commissioner's reasoning. The Commissioner's calendar shows August 19 as the day the letter was issued and August 20 as day one. This is in contrast to Stargate's argument: that August 19 was the day the letter was issued, but that day one is August 21. According to Stargate, August 20 is an uncounted day zero. Stargate's argument here appears to be that the time passing on August 20 is included, but does not accrue as a day until August 21, making this the first counted day. For the reasons stated below, we agree with the Commissioner that the first day to be counted was August 20.

Stargate's main support for its argument is the statute of limitations calculation included in *Spates v. Howell*, 420 S.W.3d 776 (Tenn. Ct. App. 2013). We believe that Stargate reads too much into the *Spates* case. In *Spates*, an inmate's complaint against prison staff was dismissed for not being timely filed. *Id.* at 778. The court determined that the applicable one-year statute of limitations began to run on April 9, 2011, because the inmate discovered his injuries on April 8, 2011. *Id.* at 782. The court concluded that the statute of limitations expired on April 9, 2012, which was one year plus one day later. *Id.* Stargate interprets this finding as meaning that, for April 9, 2012, to be the final date in the one-year statutory period, the *Spates* court calculated April 10, 2011, as day one in the time period.

Much of the *Spates* court's calculation of the one-year statutory period, however, is not specifically laid out in the opinion because it primarily concerned other tolling events. A look back to 2011 fills in any gaps in the *Spates* court's analysis. Specifically, when including April 9 in the calculation, one year from April 9, 2011 was April 8, 2012, which was a Sunday. Per the language of Rule 6.01, if the last day of the time period falls on a Sunday, the time period runs until the end of the following day. Therefore, we believe that

the *Spates* court's calculation supports the trial court's calculation of the ninety-day filing period in this case.[3]

In sum, the triggering event after which the period began to run was the letter dated August 19, 2022. This date is not included in the computation of the ninety-day filing period. August 20, 2022, is counted as day one, meaning there are twelve days counted in August, thirty days counted in September, thirty-one days counted in October, and seventeen days counted in November. Using this understanding of the relevant dates, the trial court correctly calculated that ninety days from August 20, 2022, was November 17, 2022. Having filed its complaint on November 18, 2022, Stargate filed its complaint one day late. We affirm the trial court's decision.

CONCLUSION

The judgment of the trial court is affirmed. Costs of this appeal are assessed against the appellant, Stargate Auto Sales, LLC, for which execution may issue if necessary.

/s/ Andy D. Bennett
ANDY D. BENNETT, JUDGE

---

[3] Another case dealing with counting days contains the following date calculation:

Thus, in order to calculate whether Plaintiff's response was filed timely we count the days backward with Thursday, March 21, 2013, the day before the hearing, being day number one to Friday, March 15, 2013, the day Plaintiff filed her response, excluding Saturday and Sunday. From March 21, 2013 counting backward to March 15, 2013 and excluding Saturday, March 16, 2013 and Sunday, March 17, 2013 there are exactly five days.

*Cartwright v. Tenn. Farmers Mut. Ins. Co.*, 453 S.W.3d 910, 915 (Tenn. Ct App. 2014). Saturday and Sunday are excluded from this date calculation because the period is less than eleven days, as the rule prescribes. In this date calculation, Thursday, the day immediately preceding the accrual date, is counted as day one, not day zero. We agree with the court's reasoning in this case.